MERVYN A. CLARK, Plaintiff, v. ESTHER HALSTEAD, Defendant, and FREDERICK WHEELER, Defendant and Third Party Plaintiff. ANDREW A. BLASH et al., Third Party Defendants.

Supreme Court, Special Term, Broome County, December 30, 1948.

*Martin & Clearwater* for third party defendants.

*Keenan, Harrison & Coughlin* for Frederick Wheeler, defendant and third party plaintiff.

O'CONNOR, J. Mervyn A. Clark, plaintiff, recovered a judgment against the defendant, Frederick Wheeler, in the sum of $11,000 for a broken leg and injuries claimed to have been received in an automobile accident on October 27, 1947. He was taken to St. Joseph's Hospital in Elmira where he was treated by Dr. Blash. On November 18th, Dr. Blash inserted a pin below the knee for the purpose of traction and to prevent any shortening of the leg. On December 29th, the pin was removed and it

was discovered an infection had developed. He was discharged from St. Joseph's Hospital on January 10, 1948, and removed by ambulance to Corning, N. Y., where he remained at his sister-in-law's home for a few days in hopes of being admitted to the Veterans Hospital at Bath but the hospital was full of patients and he was unable to obtain a room. He was taken by ambulance to the Tioga General Hospital at Waverly, N. Y., where he was examined by Dr. Zoltowski on January 12, 1948. He went home on January 13th and Dr. Zoltowski saw him every day at the house. He went back to St. Joseph's Hospital on January 19, 1948, and Drs. Zoltowski and Fish treated him until February 10th when his leg was amputated about four inches above the knee. After the amputation there were a few minor operations on the stump in order to secure a good foundation for an artificial leg and he left the hospital about a month and a half or two months following final admittance.

It is the contention of the defendant Wheeler and third party plaintiff that if the doctors had given Clark's leg proper inspection and treatment the infection would not have developed and it would not have been necessary for Clark's leg to be cut off above the knee; that the lower part of the leg would have been in good condition and a wooden leg could have been attached to the leg below the knee so the plaintiff could bend his knee and do many things he cannot do since the operation because of the loss of the joint of the leg.

Wheeler now seeks to recover from the physicians such an amount as will reimburse him for the amount he had to pay because of the alleged malpractice of the physicians.

Wheeler and the doctors are not joint tort-feasors. (*Hoehn* v. *Schenck*, 221 App. Div. 371, 373.) If they were the third party action would not lie.

*Cloud* v. *Martin* (273 App. Div. 769) and *Wolf* v. *LaRosa, & Sons, Inc.* (272 App. Div. 932) were decided prior to the amendment of section 193-a of the Civil Practice Act which gave the third party plaintiff the right to bring this action.

*Mills* v. *City of New York* (189 Misc. 291, 294) is not in point as the court there held " that, while an owner of property may be subject to a penalty imposed by a municipality for failure to remove snow and ice, he is still not liable for injuries caused to those walking on the sidewalk ". " There may not be a recovery by way of indemnity by one joint tort-feasor against another when they are *in pari delicto* ". (See, also, *Van Pelt* v. *City of New York*, 188 Misc. 995.)

Wheeler as a third party plaintiff is entitled to a trial of his alleged cause of action against the physicians. Whether he will succeed in recovering in the action will be determined on the trial.

The motion of the attorneys for the third party defendants to dismiss the action is denied, with $10 costs of motion.

Submit order.