Bbbxabd S. Meyeb, J.
Third-party defendant County of Nassau moves for summary judgment against third-party plaintiff St. Josephs Hospital or, alternatively, for judgment on the pleadings on the ground that the third-party complaint fails to state a cause of action. The motion is in all respects denied. The original complaint asserts causes of action against a physician and St. Josephs for malpractice and negligence in the administration of a blood transfusion to and other treatment of plaintiff wife while at St. Josephs. The injuries for which claim is made against the original defendants include deafness, vestibular dysfunction and voice impairment. Those injuries resulted from the administration to plaintiff wife of a drug known as Kantrex at Meadowbrook Hospital after she had been transferred there from St. Josephs. It is contended that Kantrex is contraindicated for persons suffering from renal insufficiency as was plaintiff wife, and that the county employees at Meadowbrook were negligent in administering the drug to her. By its third-party complaint St. Joseph seeks to recover from the county for the damages St. Josephs may be required to pay because of the injuries resulting from the administration of the drug.
It is clear that if St. Josephs is found to be a wrongdoer, it will be liable for the ultimate results, though the mistake or even negligence of Meadowbrook in its subsequent treatment may have increased the damage which would have otherwise followed from the original wrong (Milks v. McIver, 264 N. Y. 267, 270; Poplar v. Bourjois, Inc., 298 N. Y. 62, 68). Added injuries may be included in the damages recoverable from St. Joseph provided they arose out of the first injury or would not have happened but for the first injury, and are not due to the neglect or carelessness of the injured party (Wagner v. Mittendorf, 232 N. Y. 481, *703 486; Lyons v. Erie Ry. Co., 57 N. Y. 489; cf. Matter of Phillips v. Holmes Express Co., 229 N. Y. 527).
It is equally clear that St. Josephs and Meadowbrook are not joint tort-feasors in a technical sense, since they have not by concurrent acts united in producing a single result upon which the action is based (cf. Ader v. Blau, 241 N. Y. 7, 15, 16). In short, there was not but one wrong to which both contributed (cf. Hoehn v. Schenck, 221 App. Div. 371, 373). “ A person who negligently injuries another is not a joint tort feasor with a physician whose negligence thereafter aggravates the original injury. Nonetheless, the malpractice coalesces with the original injury at that point and the two independent wrongs become concurrent causes of the ultimate result.” (Matter of Parchefsky v. Kroll Bros., 267 N. Y. 410, 413.) (See, also, Clark v. Halstead, 193 Misc. 739, 740, affd. 276 App. Div. 17.)
Section 193-a of the Civil Practice Act authorizes a defendant in an action to ‘ ‘ bring in a person not a party to the action, who is or may be liable to him for all or part of plaintiff’s claim against him ”. That provision establishes “ a simple test of convenience” under which impleader is “permitted when warranted by the similarity of the issues, of law or fact involved in the two controversies ” (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 195). It also makes “ clear that impleader is proper even in the absence of a present and absolute liability over where the defendant’s right to reimbursement or exoneration depends upon rendition and discharge of a judgment against him” (ibid., p. 203). St. Josephs will be entitled to recover, if at all, because it has been required to pay damages resulting from acts performed solely by the county’s employees and in the performance of which St. Josephs had no part. It “ asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the ” county (Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. 175, 179), the implied in law duty of reimbursement. The third-party complaint, therefore, states a sufficient cause of action.
Summary judgment is claimed because it is alleged the original plaintiffs joined Meadowbrook Hospital and a physician employed there and later discontinued against them, and because the Statute of Limitations on any claim by the original plaintiffs against the county had run before the third-party complaint was served. The discontinuance was based on the fact that no notice of claim had ever been given the county as required by sections 50-e and 50-i of the General Municipal Law. No release or covenant not to sue was given and clearly none was intended. *704 Nor is it a defense that as against the county the original plaintiffs are barred by limitations. As above noted St. Josephs’ right of recovery from the county, though dependent upon the original plaintiffs’ recovering from St. Josephs, is independent of any right of the original plaintiffs to recover from the county. St. Josephs’ cause of action, if any, against the county cannot accrue until plaintiffs recover from St. Josephs damages for the injuries caused by the treatment administered at Meadow-brook. In Matter of Valstrey Serv. Corp. v. Board of Elections, Nassau County (2 N Y 2d 413) it was held that in such a case the filing of a notice of claim was not a condition precedent to the maintenance of a third-party action against the county. By a parity of reasoning the limitation period of section 50-i of the General Municipal Law runs from the accrual of the third-party plaintiffs’ cause of action, not from the accrual of the original plaintiffs’ cause of action against the county.