■ BERNARD McCABE, Plaintiff, v. QUEENSBORO FARM PRODUCTS, INC., et al., Defendants. SAM GELFAND, Individually and Doing Business under the Name of EAGLE ROOFING & SHEET METAL WORKS, Third-Party Plaintiff-Respondent v. BANNER ROOFING CO., INC., Third-Party Defendant-Appellant.—

Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur: Nolan, J., dissents and votes to affirm the order, with the following memorandum: The third-party action against appellant was brought on the theory that it is or may be liable to respondent pursuant to a joint venture agreement which has otherwise been fully performed, for part of plaintiff's complaint against respondent (former Civ. Prac. Act, § 193-a; CPLR 1007). Under the third-party practice formerly provided by the Civil Practice Act, and now by the Civil Practice Law and Rules, it is not necessary for the third-party plaintiff to establish a present and absolute liability over, when the third-party plaintiff's right to reimbursement depends upon the discharge of a judgment against him (*Rizzo* v. *Steiner,* 36 Misc 2d 701, 703). In such a case, even if no payment has been made by the third-party plaintiff of any sum in diminution of the judgment against him, a judgment may be entered against the third-party defendant conditional upon such payment by the third-party plaintiff (*County of Oswego* v. *American Sur. Co.,* 63 N. Y. S. 2d 723, 725, affd. 272 App. Div. 862). The papers and proofs submitted are insufficient to warrant the court as a matter of law in directing judgment in favor of appellant.