## (May 15, 1969)

■ EMMA N. ZEITLER, Appellant, v. CITY OF ROCHESTER et al., Respondents.— Order unanimously reversed, with costs and disbursements, and motion to dismiss complaint as to defendant, City of Rochester, denied. Memorandum: The statute (General Municipal Law, § 50-i, subd. 1, par. [c]) provides that an action such as this must be commenced within "one year and ninety days after the happening of the event upon which the claim is based." The pertinent date of the event herein was January 23, 1966. The summons and complaint were timely served (April 17, 1967) upon the individual defendant but it is not disputed that service on the city on April 25, 1967 was two days late. Normally such late service upon the municipality would not be fatal because another statute (CPLR 203, subd. [b]) provides in substance that timely service upon any one of two or more defendants, who are "united in interest" as to a claim, permanently deprives all codefendants of the defense of the Statute of Limitations (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.05). The defendants are clearly "united in interest" by reason of the city's alleged vicarious liability based on an employer-employee relationship (*ibid*, par. 203.06, pp. 2–45, 2–46 and cases there cited). The city contends, however, that section 50-i is here controlling because of the further provision in subdivision 2 thereof that the time limitation (one year and 90 days) for commencement of the action "shall be applicable notwithstanding any inconsistent provisions of law, general, special or local". This section was added by chapter 788 of the Laws of 1959 as the result of a study by the Joint Legislative Committee on Tort Liability. (Cf. *Erickson* v. *Town of Henderson,* 30 A D 2d 282). The evil sought to be remedied was thus stated by the committee: "The tolling provisions of section

24 of the Civil Practice Act [now CPLR 204] now result in extension of the one year period of limitation for various periods up to ninety days. For purposes of clarity and uniformity this bill provides for a period of one year and ninety days with express provision against further tolling." (N. Y. Legis. Doc., 1959, No. 36, p. 21). It, accordingly, has been held that statutory stays pursuant to CPLR 204 (subd. [a]) (formerly Civ. Prac. Act, § 24) theretofore applied by the courts in actions involving claims of municipal liability for tort have been eliminated by the new provisions of section 50-i of General Municipal Law. (*Joiner* v. *City of New York*, 26 A D 2d 840.) We find no legislative intent, however, that the provision in subdivision 2 of section 50-i rendered inoperative the ameliorative provision of CPLR 203 (subd. [b]) which made timely the service herein upon the municipality. A similar conclusion has been reached by courts of concurrent jurisdiction when considering other provisions of CPLR (*La Fave* v. *Town of Franklin*, 20 A D 2d 738; *Abbatemarco* v. *Town of Brookhaven*, 26 A D 2d 664; see, also, *Robinson* v. *City of New York*, 24 A D 2d 260). (Appeal from order of Monroe Special Term granting motion to dismiss complaint.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Bastow, JJ.