Thomas R. Hadaway, J.
The third-party defendant, Dr. Kinne, has moved to dismiss the complaint of the defendant and third-party plaintiff, Dr. Corn, on the ground that the plaintiff had executed a release to the third-party defendant prior to the commencement of the third-party action, which release is dated April 14, 1969, upon payment to her, by Dr. Kinne, of the sum of $1,015.
Dr. Corn was a tenant of premises ‘owned by Dr. Kinne in the City of Middletown, N. Y. under a lease, dated the blank day of March, 1966, which provided, among other things, that the landlord, Dr. Kinne, shall be responsible for snow removal and the maintenance of the halls and parking lot.
The plaintiff, 81 years of age, claims she was injured when she was caused to fall on the steps which led to Dr. Corn’s office through lack of light and highly polished wooden stairs.
She commenced an action, to recover damages against both doctors in January of 1969 by the service of a summons, which action was later discontinued upon the payment, to her, by Dr. Kinne, of $1,015 and the execution of a release which expressly provided that the same extended to Dr. Kinne only and that the plaintiff reserved her rights against Dr. Corn.
The plaintiff thereafter commenced an action against Dr. Corn only and he, in turn, has served a third-party summons and complaint on Dr. Kinne demanding judgment against Dr. Kinne in the amount of any judgment that may be obtained, against him, by the plaintiff.
The third-party defendant now claims that, if the plaintiff recovers from Dr. Corn and Dr. Corn recovers judgment over against Dr. Kinne, Dr. Corn is only a conduit of plaintiff’s claim, and the plaintiff, having executed and delivered the release, afore-mentioned, such release would bar the third-party action.
With this, the court does not agree. Dr. Corn the defendant and third-party plaintiff, was not a party to the release given by *988 the plaintiff to Dr. Kinne and was not hound by it. Furthermore the release expressly stated that the plaintiff was reserving her rights against Dr. Corn.
The court has found no previous decision precisely in point. However in the case of Rizzo v. Steiner (36 Misc 2d 701) which involved an action against a doctor and a hospital, for malpractice, the court refused to dismiss a third-party action, by the hospital against the County of Nassau, a third-party defendant, made on the grounds that any claim which the plaintiff might have against the county had been barred for failure to serve a timely notice of claim under sections 50-e and 50-i of the General Municipal Law. The court held that it was not a defense, to the third-party action, that the original plaintiff was barred by limitations.
Motion denied.