■ JOHN FESTINO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 52996.) — Appeal from a judgment of the Court of Claims awarding the appellant $3,159 in damages for the appropriation of 2.357 acres of his land for highway expansion located adjacent to Route 5 at the intersection of Washout Road in the Town of Glenville, Schenectady County. We find present here no more than a question as to the efficacy of expert testimony as to the value of the instant property and no basis on the present record to disturb the trial court's determination. The trial court could clearly reject the testimony of appellant's expert as not properly based (*Matter of Huie* [*City of New York-Allen*], 1 A D 2d 500; *Orleans County Quarry Co.* v. *State of New York*, 172 App. Div. 863) and instead accept that of the State's expert. *Duksa* v. *State of New York* (34 A D 2d 1053) is not controlling here. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Simons, Kane and Reynolds, JJ., concur.

■ LEON S. CYENS et al., Appellants, v. TOWN OF ROXBURY, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered April 7, 1972 in Delaware County, which dismissed the complaint. On or about September 12, 1970 appellants, Leon Cyens and Leopold Cyens, were involved in an automobile accident when the vehicle in which they were riding left a highway and struck a tree. On December 8, 1970 appellants served notices of claim on the Town of Roxbury for personal injury and property damage based on the alleged negligence of the municipality in failing to have guard rails or other safety devices installed along the road. On December 10. 1971, prior to the expiration of the one year and 90-day Statute of Limitations (General Municipal Law, § 50-i, subd. 1), appellants' attorney delivered a summons and complaint to the Sheriff of Delaware County. The summons and complaint were personally served on December 13, 1971 after which time a motion to dismiss was made and granted on the ground that the action was barred by the Statute of Limitations. While the summons and complaint were concededly served two days after the statutory period, the service upon the Sheriff prior to the expiration of that period caused an extension of the Statute of Limitations for a period of 60 days pursuant to CPLR 203 (subd. [b], par. 5). Moreover, aside from the provisions of CPLR, since the period within which appellants' action had to be commenced expired on a Saturday, December 11, 1971, appellants had until Monday, December 13, 1971 to commence their action pursuant to subdivision 1 of section 25-a of the General Construction Law. Order reversed, on the law and the facts, and motion denied, with costs. Herlihy, P. J., Sweeney, Simons, Kane and Reynolds, JJ., concur.