■ STATE DIVISION OF HUMAN RIGHTS et al., Respondents, v CHARLES J. HENDERSON, Petitioner.—Determination and order of appeal board unanimously reversed, without costs, insofar as it modified the determination of the State Division. Memorandum: Petitioner was the superior officer of the respondents Masco and Nacca, Sergeants in the New York State Police. Respondents charged him and various other officials of the State Police with unlawful discrimination in the terms and conditions of their employment. After a hearing, the State Division dismissed the complaints of Masco and Nacca. On appeal to the Human Rights Appeal Board that determination was modified. The board affirmed the division's decision dismissing the complaint against the State Police, Superintendent William E. Kirwan and Troop Commander Major Charles J. Bukowski but it found petitioner Henderson guilty of unlawful discrimination because he admittedly used offensive racial slurs on several occasions. The appeals board held that the use of these ethnic slurs in itself constituted an unlawful discriminatory act. The Human Rights Law (Executive Law, § 296, subd 1) prohibits discrimination in the compensation, terms, conditions or privileges of employment because of race, creed, color or national origin. The statute, by its terms, applies to employers. The division and the appeal board found that Sergeants Masco and Nacca were not discriminated against by their employer because of their ancestry. The only subject for our consideration is whether the use of ethnic slurs and insults by a coworker or superior without the knowledge or acquiescence of the employer (the use of such language obviously was not a policy of the employer) is an unlawful discriminatory practice reached by the statute. We hold that it is not (see *Corne v Bausch & Lomb,* 390 F Supp 161; *Howard v National Cash Register Co.,* 388 F Supp 603). Respondents' motion to dismiss the petition is denied. The petition was timely (see General Construction Law, § 25-a; *Cyens v Town of Roxbury,* 40 AD2d 915) and in proper form (Executive Law, § 298). The petition is granted and the determination of the Human Rights Appeal Board is reversed insofar as it modified the determination of the State Division of Human Rights. (Proceeding pursuant to section 298 of the Executive Law to annul finding of discrimination.) Present—Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ STATE DIVISION OF HUMAN RIGHTS et al., Respondents, v CHARLES J. HENDERSON, Petitioner.—Determination and order of appeal board unanimously reversed, without costs, insofar as it modified the determination of the State Division. Same memorandum as in *State Division* v *Henderson* (49 AD2d 1026). (Proceeding pursuant to section 298 of the Executive Law to annul finding of discrimination.) Present—Marsh, P.J., Moule, Cardamone, Simons and Del Vecchio, JJ.