GREGORY CLOUGH et al., Appellants-Respondents, v BOARD OF
EDUCATION OF THE SPENCERPORT CENTRAL SCHOOL DIS-
TRICT, Respondent-Appellant.

GREGORY CLOUGH et al., Plaintiffs, and CAROLYN R. CLOUGH,
Appellant, v BOARD OF EDUCATION OF THE SPENCERPORT
CENTRAL SCHOOL DISTRICT, Respondent.

Fourth Department, February 25, 1977

*Jay M. Friedman* for appellants-respondents.

*Hickey, McHugh & Garlick (Thomas Garlick* of counsel), for respondent-appellant.

DILLON, J. On February 7, 1975 18-year-old Gregory Clough was injured in an accident while attending the E. J. Wilson High School in Spencerport. He commenced this personal injury action and his father, Donald Clough, sought to recover the expenses incurred for his son's medical, nursing and hospital care.

On May 5, 1976 plaintiffs delivered copies of the summons and complaint to the Monroe County Sheriff for service upon the defendant. Although the plaintiffs requested that defendant be served on or before May 7, 1976, the last day of the one year and 90-day period of limitation prescribed in section 50-i of the General Municipal Law, service did not occur until May 12, 1976.

On July 31, 1976 Donald Clough died and on October 27, 1976 Carolyn Clough, as executrix, was substituted for her husband in this action. Additionally, Carolyn Clough instituted a derivative action for her son's expenses and sought to be joined in her individual capacity as a plaintiff in the main action.

Special Term denied defendant's motion to dismiss the complaint on the ground that the action was not timely commenced, but granted its motion to dismiss Donald Clough's derivative suit on the basis that it failed to state a cause of action. Carolyn Clough's application for leave to be joined in her individual capacity was denied. Each of the parties appeals.

In its appeal, defendant contends that plaintiffs' action should have been dismissed on the ground that it was not commenced within the one-year and 90-day period set forth in section 50-i of the General Municipal Law. The defendant argues that CPLR 203 (subd [b], par 5), which provides for a 60-day tolling of the applicable Statute of Limitations following delivery of a summons to the Sheriff, may not be applied in actions commenced under article 4 of the General Municipal Law.

Subdivision 2 of section 50-i of the General Municipal Law provides that: "This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local". Thus, if CPLR 203 (subd [b], par 5) is inconsistent with

section 50-i of the General Municipal Law the latter section must prevail. Section 50-i (subd 1, cl [c]) requires that "the action * * * shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." CPLR 203 (subd [a]) states that "[t]he time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed." Therefore, the commencement of the action is equivalent to the interposition of the claim and, pursuant to CPLR 203 (subd [b], par 5), a claim is interposed upon delivery of the summons to the Sheriff if the summons is served upon the defendant within 60 days after the period of limitation would have expired (cf. *Zeitler v City of Rochester,* 32 AD2d 728). Since CPLR 203 (subd [b], par 5) does not allow the action to be commenced following the expiration of the one-year and 90-day period specified in section 50-i of the General Municipal Law, we do not find the provisions to be inconsistent.

Defendant, however, argues that the phrase "except as otherwise expressly prescribed", contained within CPLR 203 (subd [a]), makes the provisions of CPLR 203 (subd [b], par 5) inapplicable to actions under article 4 of the General Municipal Law. It reasons that the time in which the action is to be commenced is otherwise expressly prescribed by section 50-i. Defendant's position interprets the quoted phrase as referring to a statutorily established time limit within which the action is to be commenced. We view it, however, as setting forth the manner of calculating a given time limit. Since section 50-i of the General Municipal Law does not otherwise prescribe a manner for the computation of the time in which an action is to be commenced, defendant's argument must fail.

Nor does the legislative history of section 50-i of the General Municipal Law warrant the conclusion that its one-year and 90-day period of time limitation is not subject to the ameliorative provisions of CPLR 203 (subd [b], par 5).

Section 50-i extended by 90 days the former one-year period of limitation contained in the numerous specific statutes which preceded it. This increase was intended to unify the law by compensating for and supplanting any statutory stay granted pursuant to former section 24 of the Civil Practice Act (now CPLR 204) (see *Corbett v Fayetteville-Manlius Cent. School Dist.,* 34 AD2d 379; *Zeitler v City of Rochester,* 32 AD2d 728; *La Fave v Town of Franklin,* 20 AD2d 738). It is

not designed to preclude the applicability of CPLR 203 (subd [b], par 5).

Significantly, various other tolling provisions contained within article 2 of the CPLR have been deemed applicable to actions regulated by section 50-i *(Smith v Rensselaer County,* 52 AD2d 384; *Matter of Hurd v County of Allegany,* 39 AD2d 499; *Zeitler v City of Rochester, supra; Abbatemarco v Town of Brookhaven,* 26 AD2d 664) and, indeed, service upon the Sheriff pursuant to CPLR 203 (subd [b], par 5) has been held to extend the period of limitation specified in section 50-i *(Cyens v Town of Roxbury,* 40 AD2d 915). Although the *Cyens* decision also relies upon an alternative ground, that factor does not weaken the authority of its ruling based on CPLR 203 (subd [b], par 5) (see *O'Brien v Union Cent. Life Ins. Co.,* 207 NY 180, 187). Accordingly, defendant's motion to dismiss the complaint was properly denied.

Special Term also determined that former plaintiff Donald Clough could not maintain a derivative cause of action for his son's medical, hospital and nursing expenses. Defendant asserts that since Gregory Clough was not less than 18 years of age at the time of the accident, his father's action was properly dismissed. We do not agree. A parent's derivative action to recover such expenses is grounded upon the parental obligation of support *(Cuming v Brooklyn City R.R. Co.,* 109 NY 95, 97; see, also, *Georgetti v 29 Holding Corp.,* 31 NYS2d 998, 1000; *Natoli v Board of Educ. of City of Norwich,* 101 NYS2d 128). While one attains majority at the age of eighteen (Domestic Relations Law, § 2), a father is nevertheless obliged to support a child under 21 years of age (Domestic Relations Law, § 32; Family Ct Act, § 413; Social Services Law, § 101). Since the obligation includes reasonable medical care required by the child *(Finger v Finger,* 38 AD2d 956), the derivative action here was proper.

Having thus sustained Donald Clough's derivative action, it follows that his widow's derivative action may be maintained in her individual capacity. A mother's derivative action is allowed when she shares the parental obligation to support *(Liebler v Our Lady of Victory Hosp.,* 43 AD2d 898; *Winnick v Kupperman Constr. Co.,* 29 AD2d 261, 266-267) and, upon the father's death, she assumes the entire burden *(Matter of Garcy,* 19 AD2d 811).

Defendant's assertion that Mrs. Clough's derivative suit in her individual capacity may not be maintained and that her

motion for joinder was properly denied because she failed to file a notice of claim within 90 days after the claim arose (General Municipal Law, § 50-e) and failed to commence her action within one year and 90 days (General Municipal Law, § 50-i), is without merit. Her cause of action accrued upon the date of her husband's death and, measured from that date, she clearly complied with sections 50-e and 50-i (cf. *Matter of Valstrey Serv. Corp. v Board of Elections,* 2 NY2d 413; *Rizzo v Steiner,* 36 Misc 2d 701, 704). Although *Valstrey* and *Rizzo* dealt with third-party practice, their rationale is equally applicable to the issue of permissive joinder. In fact here, unlike a third-party action, there is no question that defendant was aware of the controversy, since it had received timely notification from the original plaintiff. Her right to relief involves the same questions of law and fact that form the basis for the original action (CPLR 1002, subd [a]) and her motion for joinder was incorrectly denied.

The order dismissing the derivative action of Donald Clough, which action is now prosecuted in the name of Carolyn R. Clough, as executrix, should be modified in accordance with this opinion, and as modified, affirmed.

So much of a separate order as denies the motion of Carolyn R. Clough to join in the action in her individual capacity to pursue her derivative action should be reversed.

MARSH, P. J., MOULE, CARDAMONE and SIMONS, JJ., concur.

Order, in Appeal No. 1, unanimously modified in accordance with opinion by DILLON, J., and as modified, affirmed without costs.

Order, in Appeal No. 2, unanimously reversed without costs and motion granted.