■ DELCRETE CORP., Appellant, v JARRETT B. KLING, Respondent.— Order unanimously affirmed, without costs. Memorandum: Defendant, formerly employed by Delcrete, is alleged to have charged personal items on company credit cards. In an action by the company for reimbursement, he sets forth affirmative defenses that the charges were forgiven by the plaintiff as a gift. Plaintiff's motion to strike the affirmative defenses was granted in an order entered and served by mailing to the defendant's attorney on January 23, 1978. No appeal was taken from that order. However, by notice mailed February 27, 1978 defendant moved to reargue. Upon reargument, Special Term reversed its original decision and permitted the gift defense to stand. Plaintiff appeals from the latter order, asserting that the time to move for reargument had expired and that since no new material was presented to the court on reargument any consideration thereof was improper. A motion to reargue may not be used by a party to extend its time to appeal; such motion must be made before the expiration of the time in which to appeal from the determination of the original motion *(Liberty Nat. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627; *Matter of Huie [Furman],* 20 NY2d 568). An appeal from the order must be taken within 30 days after its filing in the county clerk's office and service with notice of its entry (CPLR 5513, subd [a]). Service of the order herein was deemed complete when mailed to the attorney on January 23, 1978 (CPLR 2103, subd [b], par 2). Where a period of time prescribed by law is measured from the service of a paper and service is by mail, three days are added to the prescribed period (CPLR 2103, subd [b], par 2). Therefore, defendant had until Saturday, February 25, 1978, to take an appeal from the order or to make a motion for leave to reargue. When a period of limitation expires on a Saturday, Sunday or holiday, a party is given until the following business day to serve a notice of appeal (General Construction Law, § 25-a). Since the notice for reargument was served by mail on Monday and was completed when deposited in the mail, it was within the prescribed period of limitation *(Cyens v Town of Roxbury,* 40 AD2d 915), therefore service was timely made. A Judge on reargument need not have new material facts presented in order to grant leave to reargue. Such a request is addressed to the Judge who decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or

law or for some reason mistakenly arrived at its decision *(People ex rel. Smith v Wilkins,* 16 NY2d 894). Motions for reargument are addressed to the sound discretion of the court. The record herein does not reflect any abuse of discretion in granting leave to reargue. The issue of a gift is a valid defense and a question of fact for determination on the trial of the issues. (Appeal from order of Monroe Supreme Court—summary judgment—reargument.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.