■ RONALD F. RODNEY et al., Respondents, v NEW YORK PYROTECHNIC PRODUCTS CO., INC., Defendant and Third-Party Plaintiff. TOWN OF BROOKHAVEN, Third-Party Defendant-Appellant. NEW YORK STATE ENVIRONMENTAL FACILITIES CORPORATION, Nonparty Appellant.—In an action to recover damages for personal injuries, etc., (1) the third-party defendant Town of Brookhaven appeals (a) from an order of the Supreme Court, Suffolk County (Stark, J.), dated January 9, 1984, which granted plaintiffs' motion for leave to reargue the town's application pursuant to CPLR 3216 to dismiss the action for failure to prosecute, and, upon reargument, vacated a prior order of the same court dated September 13, 1983 dismissing the action and, *inter alia,* directed plaintiffs to place the matter on the Trial Calendar, and (b) from an order of the same court, dated March 14, 1984, which denied its motion for "an order * * * resettling" the order of January 9, 1984, and

(2) New York State Environmental Facilities Corporation (NYSEFC) appeals from so much of the order dated January 9, 1984 as referred to a purported fourth-party claim against it.

Order dated January 9, 1984 modified, on the law, by deleting all references to the purported fourth-party claim. As so modified, order affirmed.

Order dated March 14, 1984 affirmed.

Respondents are awarded one bill of costs payable by the Town of Brookhaven.

Motions for reargument are addressed to the sound discretion of the Judge who decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (*Delcrete Corp. v Kling*, 67 AD2d 1099). Under the circumstances, Special Term did not abuse its discretion in granting plaintiffs' motion for leave to reargue. In view of the meritorious nature of their claim, the clear absence of an intent to abandon the action, the lack of substantial prejudice to appellant as a result of the delay and the strong public policy in favor of resolving cases on the merits, Special Term acted properly in vacating its earlier determination to dismiss the action (*see, Wilenski v Auricchio Monuments,* 102 AD2d 824, 825).

The relief requested by the Town of Brookhaven in its purported motion for an order resettling the order dated January 9, 1984 was not in the nature of resettlement and therefore was properly denied (*see, 300 W. Realty Co. v City of New York,* 99 AD2d 708, 709).

We have considered the Town of Brookhaven's remaining contention and find it to be without merit.

Finally, we note that the Town of Brookhaven has conceded that at no time during the pendency of this action has any claim existed against NYSEFC. Therefore the order dated January 9, 1984 should be modified to delete all reference to the nonexistent fourth-party claim against NYSEFC. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.