■ JAYNE R. KARLIN et al., Respondents-Appellants, v IVF AMERICA, INC., et al., Appellants-Respondents. [658 NYS2d 73] —In an action, *inter alia,* to recover damages for violations of General Business Law §§ 349 and 350 and medical malpractice based on lack of informed consent, (1) the defendants IVF America, Inc., IVF America (NY), Inc., and Vicki L. Baldwin appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Rosato, J.), entered December 11, 1995, which, *inter alia,* denied those branches of their motion which were to dismiss the first and second causes of action in the amended complaint, (2) the de-

fendant United Hospital appeals from so much of the order as denied those branches of its motion which were to dismiss the first and second causes of action of the amended complaint, (3) the defendant Dr. John J. Stangel appeals, as limited by his brief, from so much of the order as denied those branches of his motion which were to dismiss (a) the first and second causes of action in the amended complaint, and (b) the eighth cause of action of the amended complaint to the extent that it states a cause of action for "negligent" lack of informed consent, and (4) the plaintiffs cross-appeal, as limited by their brief, from so much of the order as granted those branches of the defendants' respective motions which were to dismiss the third, fifth, and seventh causes of action and granted those branches of the motions by the defendants United Hospital and Dr. John Stangel which were to dismiss the sixth cause of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendants' respective motions which were to dismiss the first and second causes of action of the amended complaint, and substituting therefor a provision granting those branches of the defendants' respective motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The Supreme Court should have dismissed the plaintiffs' first and second causes of action alleging violations of General Business Law §§ 349 and 350. These causes of action are premised on statements made to the plaintiffs and other patients about the course of treatment at the defendants' infertility clinic and the probable results of that treatment. We decline to extend the application of the consumer fraud statutes to the providers of medical services (see, e.g., Foflygen v Zemel, 615 A2d 1345 [Pa]; Gatten v Merzi, 397 Pa Super 148, 579 A2d 974). To do so would lead to a drastic change in basic tort law where the Legislature has not explicitly expressed its intent to effect such a change (see, Genesco Entertainment v Koch, 593 F Supp 743, 753). The plaintiffs possess a viable cause of action to recover damages for lack of informed consent which should not be augmented by rights to additional recovery (see, Teller v Bill Hayes, Ltd., 213 AD2d 141, 149).

The Supreme Court properly dismissed the fifth and sixth causes of action sounding in fraud. Where a fraud claim gives rise to damages which are not separate and distinct from those flowing from an alleged medical malpractice cause of action, it must be dismissed (see, Luciano v Levine, 232 AD2d 378; Roma-

*towski v Hitzig,* 227 AD2d 870; *Spinosa v Weinstein,* 168 AD2d 32, 42). Here, the alleged fraud is part of the alleged malpractice *(see, Coppersmith v Gold,* 172 AD2d 982, 984).

Further, the Supreme Court properly dismissed the third cause of action to recover damages for breach of fiduciary medical obligations, and the seventh cause of action to recover for unjust enrichment, as they were merely reformulations of the cause of action to recover damages for lack of informed consent.

The parties' remaining contentions are without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.