■ MARYLOU LUCIDO et al., Appellants, v ROBERT V. VITOLO, Respondent. [672 NYS2d 818] —In an action, *inter alia*, to recover damages for personal injuries based upon lack of informed consent, the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), dated March 10, 1997, as denied their motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiffs' motion for leave to amend the complaint. Since the plaintiffs failed to submit an affidavit of merit by a physician in support of their motion, and their "attorney's certificate of merit (*see*, CPLR 3012-a) * * * [was] insufficient to demonstrate a meritorious claim" (*Sober v Kalina*, 208 AD2d 1140, 1141) that branch of their motion which sought leave to add a cause of action to recover damages for medical malpractice was properly denied. Moreover, the Supreme Court properly denied that branch of the plaintiffs' motion which was to add a cause of action alleg-

ing deceptive business practices under General Business Law § 349, as this statute does not apply to providers of medical services (see, Karlin v IVF Am., 239 AD2d 560). Finally, the original complaint gave the defendant no notice that the plaintiffs would assert a cause of action to recover damages for loss of services. Therefore, that cause of action is time-barred (see, Clausell v Ullman, 141 AD2d 690). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.