■ JOHN DOWDALL, Respondent, v GENERAL MOTORS CORPORATION, Doing Business as GM POWERTRAIN TONAWANDA ENGINE PLANT, et al., Appellants, et al., Defendant. [823 NYS2d 723]—

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 6, 2005 in a personal injury action. The order, insofar as appealed from, granted the motion of plaintiff seeking leave to amend the complaint to add a derivative cause of action on behalf of his wife.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Defendants General Motors Corporation, doing business as GM Powertrain Tonawanda Engine Plant, and Nichols Long & Moore Construction each appeal from an order insofar as it granted the motion of plaintiff seeking leave to amend his complaint to add a derivative cause of action on behalf of his wife after the expiration of the statute of limitations. We conclude that Supreme Court erred in granting plaintiff's motion. Plaintiff's wife is not named as a party in the original complaint, which does not give notice that plaintiff's wife would be asserting a claim, and thus "her cause of action [cannot] relate back to the time the action was commenced" (*Kettle v Sweet Home Cent. School Dist.*, 152 AD2d 956, 957 [1989]; *see Odell v Dalrymple*, 156 AD2d 967 [1989]; *Laudico v Sears, Roebuck & Co.*, 125 AD2d 960, 961 [1986]; *cf. Anderson v Carney*, 161 AD2d 1002, 1003 [1990]). Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.