■ JOSEPH LEE DE'LEONE, an Infant, by His Legal Guardian and Adoptive Mother, DEBORAH ANGEL, et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [845 NYS2d 241]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered May 12, 2006, which, to the extent appealed from, granted the motion of the infant plaintiff to amend his notice of claim pursuant to General Municipal Law § 50-e (6) and to amend his complaint to allege a derivative claim on behalf of plaintiff Deborah Angel, unanimously modified, on the law, to the extent of striking from the amended complaint that part of Deborah Angel's derivative claim which seeks damages for loss of services, society and companionship of plaintiff Joseph Lee De'Leone, and otherwise affirmed, without costs.

Even though Deborah Angel adopted the infant plaintiff after the tort at issue occurred, the adoptive mother had standing to assert a derivative claim for future medical expenses incurred on the child's behalf. To deprive the adoptive mother of the ability to recover medical expenses would unreasonably interfere with her absolute duty to support her minor child (*see Clough v*

*Board of Educ. of Spencerport Cent. School Dist.*, 56 AD2d 233, 236 [1977]). Furthermore, to do so would contravene the public policy of encouraging people to adopt children facing difficult circumstances, such as the infant plaintiff, who was severely beaten while in foster care and sustained allegedly permanent injuries. Accordingly, with regard to future medical expenses, the concept that one may not "marry" a lawsuit should not be extended to include "adopting" a lawsuit. However, the adoptive mother should not be permitted to recover for loss of services, society and companionship of the child, just as a person may not recover for a spouse's loss of consortium where the spouse is injured prior to the marriage (*see Briggs v Butterfield Mem. Hosp.*, 104 AD2d 626 [1984]).

The adoptive mother's medical expense claim against the City is not barred by the statute of limitations, as it did not accrue until she adopted the child, and it was commenced within one year and 90 days of that date (*see Clough v Board of Educ.*, 56 AD2d at 237). Even if the claim accrued at the time of the injury to the child, it is still not time-barred because the original complaint, which was unquestionably timely filed, placed the City on notice of all of the underlying transactions (*see* CPLR 203 [f]; *Caffaro v Trayna*, 35 NY2d 245 [1974]). For each of these reasons, the notice of claim annexed to the motion to amend was also timely.

Finally, we do not reach the issue, raised by defendants Jewish Child Care Association of New York and Milcia Pineda, of whether the child's biological mother had standing to assert a claim on behalf of the child or her own derivative claim. While the issue was raised in opposition to plaintiff's motion to amend, neither defendant cross-moved to dismiss the biological mother's claims, thus depriving the Supreme Court of any procedural context within which to consider the issue. We do note, however, that any derivative claim by the biological mother would be limited to the time prior to the termination of her parental rights. Concur—Lippman, P.J., Mazzarelli, Friedman, Marlow and Buckley, JJ.