OPINION OF THE COURT
Alice Schlesinger, J.
Before this court are two motions consolidated herein for disposition. In motion sequence No. 001, defendants Dr. Hyun Taik Cho and St. Vincent’s Catholic Medical Center seek an order dismissing the claim asserted by the plaintiff wife Isabel Torres for loss of consortium on the ground that the alleged injury suffered by the plaintiff Jose Torres occurred before the plaintiffs were married. In motion sequence No. 002, defendant Beth Israel Medical Center similarly seeks dismissal of the loss of consortium claim. As discussed more fully below, plaintiffs have opposed the motion by Dr. Cho and St. Vincent’s, but have not opposed the motion by Beth Israel.
Background
Plaintiff Jose Torres underwent surgery on January 17, 1997 to remove an osteoma from his right frontal sinus. The surgery was performed by Dr. Hyun Taik Cho at Beth Israel Medical Center. As part of the procedure, Dr. Cho extracted fat from the plaintiff’s abdomen and used it to reconstruct the plaintiffs forehead. Plaintiff asserts that, during that surgery, Dr. Cho departed from accepted standards of medical care by leaving a piece of yellow plastic tubing in Mr. Torres’ abdominal cavity, causing injury.
Six months after this surgery, on June 21, 1997, plaintiffs Jose Torres and Isabel Torres were married. (See exhibit A to moving papers.) Thereafter, Mr. Torres continued to see Dr. Cho. Specifically, plaintiff asserts that he went to Dr. Cho’s office on October 8, 2002, and on April 12, May 15, June 19, July 17, August 21, and November 16 of 2007. (See aff in opposition at 3.)
In addition, Dr. Cho performed a second surgery on Mr. Torres on May 7, 2007 at defendant St. Vincent’s Medical Center. The purpose of this surgery was to remove a mucocele from Mr. Torres’ frontal sinus. A third surgery was performed on Mr. Torres by a nonparty physician on November 7, 2007. During the course of this third surgery, when fat was again harvested from Mr. Torres’ abdomen, the yellow plastic tubing was discovered and removed from the abdominal cavity.
Mr. Torres commenced this medical malpractice action on April 18, 2008, alleging that Dr. Cho departed by leaving a *437 foreign body (Le., the plastic tubing) in Mr. Torres’ abdominal cavity during the January 17, 1997 surgery and by failing to detect the foreign body during the 10 years that followed. He contends in his complaint that Dr. Cho’s malpractice required additional and more complicated surgeries, osteomyelitis, and the insertion of a titanium plate in his forehead.
The complaint also includes a claim for loss of consortium on behalf of the plaintiff wife Isabel Torres. Specifically, plaintiffs assert that Isabel Torres “has been deprived of the services, society, companionship and consortium of her husband and was required to care for him and to expend funds for his medical care and treatment” due to the malpractice of the defendants. (See complaint, fifth cause of action, exhibit A to moving papers.)
On August 20, 2009, counsel for Dr. Cho and St. Vincent’s requested that plaintiffs stipulate to discontinue Ms. Torres’ loss of consortium claim on the ground that the initial surgery which caused the injury predated the marriage by about six months. Plaintiffs replied by letter dated August 26, 2009, offering to limit Isabel Torres’ loss of consortium claim to “any acts and/or omissions that occurred on or after June 21, 1997,” the date of the marriage. (Exhibit D to opposition.) Defense counsel declined to so stipulate, and these motions followed.
Discussion
As defendants properly assert, loss of consortium is a claim specific to married persons. “Consortium represents the marital partners’ interest in the continuance of the marital relationship as it existed at its inception . . . , not upon some guarantee that the marital partners are free of any preexisting latent injuries” (Anderson v Eli Lilly & Co., 79 NY2d 797, 798 [1991]). Loss of consortium includes not only loss of support or services, but elements of love, companionship, affection, society, sexual relations, solace and more. (Millington v Southeastern El. Co., 22 NY2d 498, 502 [1968].) However, when a party is injured before the marriage, his inability to provide the support and services referred to as “consortium” is apparent at the time of marriage, and “the spouse never has any consortium to lose, nor any expectation of consortium.” (Walsh v Armstrong World Indus., Inc., 700 F Supp 783, 785 [SD NY 1988].)
As stated above, Dr. Cho performed the first surgery on Mr. Torres at Beth Israel Medical Center on January 17, 1997, when the foreign body was allegedly left in Mr. Torres’ ab *438 dominal cavity. Plaintiffs Jose and Isabel Torres were married about six months later, on June 21, 1997. Plaintiffs do not oppose the motion by Beth Israel to dismiss the loss of consortium claim asserted against it, acknowledging that Beth Israel rendered no treatment to plaintiff Jose Torres after plaintiffs’ marriage on June 21, 1997. (See aff in opposition, n 1.) Apparently, Beth Israel served as the site for the first surgery on January 17, 1997, but was not involved in any treatment thereafter.
However, the motion by Dr. Cho and St. Vincent’s Medical Center compels a different result. The movants cite cases such as Anderson v Eli Lilly & Co. (supra), De’Leone v City of New York (45 AD3d 254 [1st Dept 2007]), and Briggs v Butterfield Mem. Hosp. (104 AD2d 626 [2d Dept 1984]) for the proposition discussed above that no claim for loss of consortium lies where the “actionable conduct” occurred prior to the marriage. Contrary to defendants’ claim, the actionable conduct here is not limited to the January 17, 1997 surgery. Rather, it includes a claim of malpractice based on Dr. Cho’s failure to discover the foreign object and diagnose the related symptoms during the course of treatment following the first surgery, as well as malpractice by Dr. Cho and St. Vincent’s Medical Center based on the failure to detect the foreign object during the May 7, 2007 surgery. Those alleged departures occurred during the marriage, and Mr. Torres allegedly suffered injury during that period of time as a result of the malpractice. These continuing claims are revealed not only in plaintiffs’ opposition papers (at 2), but also in the bill of particulars.
Therefore, the motion by defendants Dr. Cho and St. Vincent’s to dismiss the lack of consortium claim must be denied. Nevertheless, in light of the recent bankruptcy filing by St. Vincent’s, plaintiffs may wish to consider whether to voluntarily discontinue their claims against St. Vincent’s. It is unclear whether Dr. Cho is employed by St. Vincent’s and, if not, whether discovery has revealed separate departures against the hospital staff. However, that issue is not for the court to determine as part of this motion. Counsel shall be prepared to discuss the issues at the next status conference, if they have not been resolved before that time.
Accordingly, it is hereby ordered that the motion by defendant Beth Israel Medical Center to dismiss the loss of *439 consortium claim asserted by Isabel Torres as against it is granted without opposition, and the clerk is directed to sever and dismiss that claim with prejudice; and it is further ordered that the motion by defendants Dr. Hyun Taik Cho and St. Vincent’s Catholic Medical Center to dismiss the loss of consortium claim is denied.