(March 21, 2013)

■ BENEDETTO GIAMBRONE et al., Respondents, v KINGS HARBOR MULTICARE CENTER, Appellant, et al., Defendants. [961 NYS2d 157]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 7, 2011, which granted plaintiff's motion to amend the complaint against defendant Kings Harbor Multicare Center (Kings Harbor) to name his wife as an additional plaintiff and to assert a derivative cause of action on her behalf for loss of consortium and spousal services, unanimously affirmed, without costs.

The question presented is whether a derivative claim for loss of services relates back to a spouse's medical malpractice complaint for purposes of the Statute of Limitations pursuant to CPLR 203 (f). We hold that it does.

Plaintiff Benedetto Giambrone was a patient at defendant Westchester Square Hospital (Westchester Square) during which time he underwent surgery and is alleged to have developed a sacral wound. He was discharged to defendant Kings Harbor, where he underwent rehabilitation. In August 2009, plaintiff commenced a medical malpractice action against Kings Harbor alleging that they failed to properly treat his wound, which had progressed to a stage IV decubitus ulcer by the time of his discharge from Kings Harbor. Plaintiff's spouse, Girolama, was not named in the complaint and no claim was asserted on her behalf.

In December 2010, Mr. Giambrone commenced a separate medical malpractice action against Westchester Square (which action was later consolidated with the action against Kings Harbor), in which Mrs. Giambrone was a named plaintiff and a derivative claim was asserted on her behalf. Kings Harbor subsequently filed a third-party complaint against Westchester Square for contribution and indemnification. Approximately seven weeks after the statute of limitations had expired in the Kings Harbor action, Mr. Giambrone moved pursuant to CPLR 3025 (b) for leave to amend the complaint against Kings Harbor

to assert a derivative cause of action on behalf of his wife, and the motion was granted.

The motion court properly exercised its discretion in granting leave to amend. The original complaint placed Kings Harbor on notice of the underlying transaction (*see* CPLR 203 [f]; *De'Leone v City of New York*, 45 AD3d 254, 255 [1st Dept 2007]). We are in accord with the Third Department's view that "[i]n the absence of any prejudice and under these circumstances, Supreme Court should be permitted to exercise that same discretion which would allow the addition of a *plaintiff's* derivative cause of action" (*Anderson v Carney*, 161 AD2d 1002, 1003 [1990]). We disagree with the cases holding that a spouse's derivative claim cannot be added to a complaint through the relation back provision of CPLR 203 (f) (*see e.g. Dowdall v General Motors Corp.*, 34 AD3d 1221, 1222 [4th Dept 2006]; *Lucido v Vitolo*, 251 AD2d 383, 384 [2d Dept 1998]).

As the Court of Appeals held in *Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono* (91 NY2d 716 [1998]), a case involving an analogous issue regarding whether the claims of proposed intervenors could be properly related back to the filing of a CPLR article 78 petition: "We conclude that a party may be permitted to intervene and to relate its claim back if the proposed intervenor's claim and that of the original petitioner are based on the same transaction or occurrence. Also, the proposed intervenor and the original petitioner must be so closely related that the original petitioner's claim would have given the respondent notice of the proposed intervenor's specific claim so that the imposition of the additional claim would not prejudice the respondent. Thus, a stranger could not intervene in a pending proceeding to interpose an otherwise time-barred claim" (91 NY2d at 721).

While these criteria were not met by the proposed intervenors in *DeBuono*, they are met in this case. Mrs. Giambrone's claim is based on the same alleged malpractice that is the basis for her husband's claim. The plaintiffs are so closely related that Mr. Giambrone's claim would have given Kings Harbor notice of the proposed specific claim. And, notably, Kings Harbor was aware that Mr. Giambrone had a spouse, as she had brought a derivative claim in the related lawsuit against Westchester Square, had participated in the mediations with Kings Harbor, and Mr. Giambrone had testified at his deposition that he was married.

Courts holding that derivative claims cannot relate back to the original complaint have reasoned that the original pleading fails to give defendant notice of the *claim* (*see e.g. Lucido v*

*Vitolo* at 384; *Dowdall v General Motors Corp.* at 1222). However, in our view, the salient inquiry is not whether defendant had notice of the claim, but whether, as the statute provides, the original pleading gives "notice of the transactions, occurrences . . . to be proved pursuant to the amended pleading" (CPLR 203 [f]).

In denying the motion to amend on the basis that the original pleading did not give notice of the claim, these courts have disregarded the purpose of the relation back doctrine, which "enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired" (*Buran v Coupal*, 87 NY2d 173, 177 [1995] [trial court acted within its discretion to permit relation back of original complaint against spouse to newly added defendant]; *compare Fazio Masonry, Inc. v Barry, Bette & Led Duke, Inc.*, 23 AD3d 748, 750 [3d Dept 2005] [relation back not permitted where new plaintiff's claims were independent of original claims, in distinction from a derivative action of a spouse, where "defendants in those cases knew, or reasonably could have known, that a derivative claim could arise from the original plaintiff('s) personal injury action( )"]).

Defendant's exposure to greater liability does not require denial of the motion to amend (*see e.g. De'Leone*, 45 AD3d 254 [amendment of complaint to include derivative claim for future medical expenses permitted]; *see also Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981] [regarding prejudice, "there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position"]). Here, defendant, "from the outset of [its] involvement in the litigation, [had] sufficient knowledge to motivate the type of litigation preparation and planning needed to defend against the entirety of the particular plaintiff's situation" (Vincent C. Alexander, 2006 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:11, 2013 Pocket Part at 69). Concur—Sweeny, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.