CROUSE IRVING HOSPITAL, Respondent, *v.* CITY OF SYRACUSE et al., Appellants.

Fourth Department, March 10, 1954.

*George R. Driscoll, Corporation Counsel* (*Robert J. Cooney* of counsel), for City of Syracuse, appellant.

*Julian W. Edgcomb, County Attorney* (*Eli Gingold* of counsel), for County of Onondaga, appellant.

*Philip C. Wood* for respondent.

WHEELER, J. One De Pasquale, having been trapped in the commission of a burglary by City of Syracuse police officers, attempted to escape and was shot and seriously wounded by one of the officers. Shortly thereafter he was taken by the city police to the plaintiff hospital, where he received care and attention for several weeks. During the time the prisoner was in the hospital the City of Syracuse police maintained a twenty-four-hour guard over him. After his discharge De Pasquale was indicted and later sentenced to prison upon conviction for the felony.

The day following the prisoner's admission to the hospital, an agent of the hospital talked on the telephone with the Onondaga County District Attorney for the purpose of seeking authorization for extra or special nursing care for the patient. The hospital authorities knew that the District Attorney was at that time in possession of moneys purportedly belonging to the prisoner, and this fact was prominent in the conversation testified to by plaintiff's witness and undenied by the defendant county. As a result of this conversation, extra nurses were assigned to the case. The moneys later having been disposed of elsewhere (pursuant to a judgment of the City of Syracuse Municipal Court), the plaintiff hospital has received no part thereof.

This action resulted. It was brought against both the City of Syracuse and County of Onondaga to recover the expenses incurred in the treatment of De Pasquale rendered at the defendants' alleged request. The Municipal Court of the City of Syracuse granted judgment against the county and dismissed the complaint as against the city. On appeal to the Onondaga County Court judgment was ordered against both defendants jointly. From this order both defendants appeal.

It is difficult to understand how the defendant city can avoid liability. The services having been rendered De Pasquale at the instance and request of authorized agents of the city, an implied contract to pay for these services arose if there was a legal duty upon the city to provide the attention. (*Crane* v. *Baudouine,* 55 N. Y. 256; *McGuire* v. *Hughes,* 207 N. Y. 516.) The liability follows the duty. There seems to be no question

of the latter (*Eddy* v. *Village of Ellicottville,* 35 App. Div. 256; *Dunham* v. *Village of Canisteo,* 303 N. Y. 498), and we find the judgment against the City of Syracuse was proper.

Not so, however, in regard to the County of Onondaga. The action being predicated upon an implied contract, there must have been a request of the defendant for the services or, at least, an authorization thereof. We find no evidence of any contract, express or implied. Nor do we attempt to decide what right or liabilities, if any, there may be as between the defendants.

It is conceded that the defendant county never had custody of the prisoner before or during his stay in the hospital and no evidence other than the telephone conversation mentioned above was offered to implicate the county in any way. Although we do not decide the question, it may be that the District Attorney had the authority to incur expenses such as the subject charges, and to bind the county therefor (former County Law, § 240, subd. 2, in effect when these services were rendered; *People ex rel. Gardenier* v. *Board of Supervisors,* 134 N. Y. 1; *People ex rel. Koetteritz* v. *Board of Supervisors,* 148 App. Div. 392). However, the evidence here fails to demonstrate that authority, if any, was exercised. We do not read the record before us as indicating that the District Attorney agreed to pledge general county funds to the payment of De Pasquale's medical bills. Rather, he acknowledged that he had in his office money which belonged to the prisoner and stated that it might be used to pay the extra nurses. So far as appears, the District Attorney's conversation with the hospital representative concerned that special fund and nothing else. We believe the plaintiff looked to this fund for reimbursement. In no true sense did the county ever agree to pay the bill with its own moneys. The District Attorney merely promised to approve the use of De Pasquale's money for that purpose.

The order appealed from should be affirmed as to the City of Syracuse and reversed as to the County of Onondaga.

All concur, except McCurn, P. J., who votes for affirmance of the order in favor of the plaintiff and against both defendants, in the following memorandum: It was the joint responsibility of the law enforcement authorities of both city and county to arrest the prisoner and to keep him in custody. He was in the physical custody of the city police officers who in turn were subject to the supervision of the District Attorney, whose duty it was to investigate and prepare to prosecute upon arraignment all persons accused of crime within the county. Custody was

maintained for the joint purpose of both the city and county authorities. They should be held jointly liable for expenses necessarily involved in maintaining such custody. The law implies a contractual liability on the part of both; and PIPER, J., who dissents as to the judgment against the City of Syracuse and votes for a judgment against the County of Onondaga only, in the following memorandum: The patient was wounded when trying to escape from police officers after the attempted commission of a felony and was taken to the hospital. If he had not been injured to the extent of requiring hospitalization, he would have been arraigned, charged with the felony and held for the Grand Jury, in which case he would have been committed to the county jail. His physical condition prevented his removal to the jail. I think this could not change his status as a prisoner and that he was, while in the hospital, in the constructive custody of the Sheriff. The police officers who took him to the hospital were not acting as employees or officers of the city; they were peace officers acting as law enforcement officers. The offense being a felony, he could only be indicted by the Grand Jury of the county and prosecuted by the District Attorney. I agree with the decision of the Municipal Court that the hospital bills were the obligation of the County of Onondaga only.

All concur, except McCURN, P. J., who votes for affirmance of the order in favor of the plaintiff and against both defendants, and PIPER, J., who dissents as to the judgment against the City of Syracuse and votes for a judgment against the County of Onondaga only. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order of Onondaga County Court insofar as it directs judgment against the County of Onondaga reversed on the law and complaint as to County of Onondaga dismissed, and otherwise order affirmed, with costs in favor of the plaintiff against the City of Syracuse. [See 284 App. Div. 1030.]