Memorandum. The order of the Appellate Division should be reversed, with costs, and the order of the Appellate Term dismissing the third-party complaint reinstated.
 

 We agree with the Appellate Term that in this record there is no tender of admissible evidentiary proof sufficient to require a trial of any material issue of fact. In this circumstance it is for the court to interpret the relevant provisions of the
 
 *1082
 
 group contract for hospital service issued by Blue Cross, third-party defendant.
 

 In the absence of admissible proof to the contrary, it must be taken that the total of the hospital’s usual charges for services rendered to Mrs. Woytisek as a private patient during the 15 "discount days” was $3,511.55, one half of which after adjustments was $1,525.55. On this appeal, limited to defendant’s claim over against the third-party defendant, no issue may be raised as to the right of the hospital either to set the former amount of total charges or to charge the latter amount to Mrs. Woytisek’s estate.
 

 The estate points, however, to the clause in the group contract that provides: "The hospital shall make no charge to the Subscriber for 50% of the hospital’s regular charges for Hospital Service rendered during the Discount days.” It is the estate’s contention that under this clause it is entitled to indemnification by Blue Cross for a portion of the amount charged it for services rendered to Mrs. Woytisek. It argues that the term "regular charges” does not refer to charges which are customarily made directly to the patient when there is no third-party payor, but must be read to contemplate an amount equal to twice the payment Blue Cross makes for its half share of financial responsibility for the patient services, which payment is established on this record to be $731.70. Simply stated the subscriber claims that inasmuch as Blue Cross paid only $731.70 for its half of the services rendered, the estate should be indemnified with respect to its half for any payment it is obliged to make in excess of an equivalent $731.70.
 

 We reject this contention. On our analysis, the "regular charges” within the meaning of the contract provision in this instance were $3,511.55. Blue Cross agreed that the hospital would not charge the patient for 50% of this amount. The other 50% would, of course, be the direct obligation of the subscriber. The scope of that agreement is in no way affected by the fact that Blue Cross is able to discharge its responsibility for one half of the total bill for only $731.70 pursuant to arrangements between the hospital and Blue Cross. For whatever may be the reasons—volume of payments, promptness in paying, assurance of payment or otherwise—Blue Cross is entitled to what amounts to a very substantial discount with respect to its 50% of the regular charges. The subscriber, however, is not entitled to derive any economic benefit from
 
 *1083
 
 this independent arrangement between the hospital and Blue Cross. Blue Cross has fully discharged its obligation to see to it that 50% of the regular charges for the services rendered in this instance were not charged to Mrs. Woytisek’s estate. Beyond that the estate has no claim against Blue Cross. Accordingly the third-party complaint should be dismissed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, with costs, and the order of the Appellate Term reinstated in a memorandum. Question certified answered in the negative.