■ ALBANY MEDICAL CENTER HOSPITAL, Respondent, v JOSEPH P. HUBERTY, Appellant.—Appeal from an order of the County Court of Albany County, entered June 26, 1979, which granted plaintiff's motion for summary judgment. This action was brought to recover the balance due for medical services rendered by plaintiff hospital to defendant's wife. It is conceded that defendant's wife was confined to plaintiff's hospital and services were rendered on six separate periods from August, 1977 to February, 1978; that neither defendant nor his wife were covered by the Blue Cross insurance plan; and that upon receipt of plaintiff's statement of charges defendant made payment based on the prevailing Blue Cross rate, but not based on the rate charged by plaintiff. Special Term granted plaintiff's motion for summary judgment and this appeal ensued. Basically, defendant contends that since the rate charged him for the services rendered his wife exceeded the Blue Cross rate it was not a reasonable one. We disagree. It is well established that Blue Cross is entitled to contract with a hospital for a rate less than that charged nonsubcribers to its plan (see *Flushing Hosp. & Med. Center v Woytisek,* 41 NY2d 1081). We also reject defendant's contention that plaintiff failed to establish sufficient evidentiary facts to entitle it to summary judgment and that there are questions of fact raised requiring a trial. The affidavit submitted by the associate director of business affairs of the plaintiff states, *inter alia,* that from his personal

knowledge and the hospital records the plaintiff posted its rates charged for services rendered; that the rates are commensurate with the rates charged by other hospitals in the area for similar services; and that the rates were based on the total operating expenses of the hospital and included no element of profit. Defendant, on the other hand, merely made conclusory statements and maintained questions of fact were raised. Such statements are insufficient to defeat a properly made motion for summary judgment (*Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 264). Considering the record in its entirety, we are of the view that Special Term properly granted summary judgment and there must be an affirmance. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.