■ ALBANY MEDICAL CENTER HOSPITAL, Appellant, v DONALD JOHNSTON, SR., Respondent. — Appeal from an order of the County Court of Essex County (Garvey, J.), entered May 4, 1983, which denied plaintiff's motion for summary judgment. ¶ During the period from September 2, 1980 to September 7, 1980, Dean Johnston was a patient at the Albany Medical Center Hospital. When a bill of $1,185 for medical services rendered remained unpaid, plaintiff served a summons and complaint on defendant, the father of Dean. A default judgment entered against defendant on June 15, 1981 was set aside on July 28, 1981 on plaintiff's motion after an answer was served. Thereafter, plaintiff

moved for summary judgment claiming that defendant was legally responsible for payment of his son's medical expenses since, at the time of Dean Johnston's hospitalization, he was 18 years old, unemployed, attending school and residing with defendant. Special Term denied the motion. This appeal by plaintiff ensued. We reverse. ¶ In his answer, defendant merely states that he never contracted to pay for his son's treatment and that Dean Johnston should have been joined as a necessary party. We hold that section 413 of the Family Court Act places an affirmative obligation upon parents of a child under the age of 21 to support such a child by paying for expenses relating to "care, maintenance and education". This obligation includes payment of reasonable expenses of medical care required by the child (see *Clough v Board of Educ.*, 56 AD2d 233, 236). In the absence of proof that defendant's son was emancipated (*Gittleman v Gittleman,* 81 AD2d 632, 633) or that defendant was unwilling or unable to pay for the medical services rendered, the statutory duty is absolute. ¶ We have previously rejected the contention that plaintiff failed to establish sufficient evidentiary facts to entitle it to summary judgment because the affidavit of plaintiff's vice-president of finance was inadequate because he lacked personal knowledge of information he obtained from hospital records (see *Albany Med. Center Hosp. v Huberty,* 76 AD2d 949). ¶ Finally, since the record clearly establishes that Dean Johnston was an unemployed minor living with his father, the child had no responsibility for satisfying the hospital charges and was not, as defendant alleges, a necessary party (see CPLR 1001, subd [a]). Since defendant has failed to show that he has a bona fide defense to the action, we conclude that County Court erred in denying plaintiff's motion for summary judgment. ¶ Order reversed, on the law, with costs, and plaintiff's motion granted. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.