■ AREE YAHUDAH, Appellant, v METRO NORTH RIVERVIEW HOUSE et al., Respondents. METRO NORTH ASSOCIATES, INC., et al., Third-Party Plaintiffs-Respondents, v FERLIN SERVICES

INDUSTRIES, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 14, 1986, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion and cross motion denied and the complaint reinstated.

This action was brought against the owner and the managing and maintenance agents to recover for personal injuries sustained on September 21, 1980, when plaintiff fell from the third-story bedroom window of an apartment at 1952 First Avenue, New York City. At the time, plaintiff was visiting the tenant of the apartment and helping her to hang drapes in the bedroom. While installing the rod for the drapes, he inadvertently leaned against the window, which had been partially opened about 18 inches, when he felt himself slipping through the window as it slid completely open. The sliding sash window, located 36 inches above the floor, is 5 feet high by 6 feet wide and consists of two window panes, only one of which may be moved horizontally to open the window.

The complaint charges negligence in maintaining the window, which plaintiff alleges amounted to a dangerous condition, *inter alia,* by reason of the failure to install safety stops, which would not allow the window to be opened more than about 11 inches. The absence of stopper screws or bolts, it is claimed, permitted the window to be opened to the full width of 36 inches, thereby causing plaintiff to fall to the pavement three stories below.

Trial Term granted defendants' motion and cross motion for summary judgment dismissing the complaint, holding that the absence of a safety stop to prevent the window from being opened beyond a certain width was not a dangerous condition and, therefore, concluded that there was no factual issue to await trial. We agree that, under the facts of this case, liability for the injuries to this adult plaintiff may not be predicated upon the failure to install window bars required by section 131.15 of the New York City Health Code, where children 10 years of age or under reside within the apartment. However, we disagree with the court's fact-finding analysis in concluding, as a matter of law, that the failure to equip the window with a safety stop could not, under any circumstance, be found to be a hazardous condition.

In doing so, the court transcended its function on a motion for summary judgment by engaging in issue determination, rather than issue finding *(see, Sillman v Twentieth Century-*

*Fox Film Corp.,* 3 NY2d 395, 404). In opposing a motion for summary judgment, a party must assemble and lay bare affirmative evidence to establish the existence of material issues of fact which require a trial *(Alvarez v Prospect Hosp.,* 68 NY2d 320; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Zuckerman v City of New York,* 49 NY2d 557).

Here, plaintiff submitted the affidavit of John J. Flynn, an engineering expert with 20 years' experience, who was a member of the American Consulting Engineers Society. Mr. Flynn, who examined the premises on December 23, 1980, three months after the accident, stated that the standard and proper practice in the building maintenance industry in this city "requires that a window of this type in a multiple dwelling be equipped with a window safety stop * * * to prevent the window from opening beyond a maximum safe distance." The window here did not have any safety stop, which permitted it to be easily opened to its full distance of three feet, which the expert opined was "a serious deviation and departure from standard and proper practice for multiple dwellings with sliding sash windows in the City of New York." He concluded that the absence of a window stop contributed to plaintiff's fall and the resulting injuries.

In our view, the expert's opinion has probative value and was sufficient to raise a triable issue as to the existence of a dangerous or hazardous condition and it was error for the court to resolve it as a matter of law. The fact that no statute, code or regulation has been cited to mandate such installation does not preclude the trier of the facts from concluding that the absence of a window stop created a dangerous condition, amounting to negligence, as a sufficient predicate for liability. This issue, as well as plaintiff's contributory negligence and proximate cause, were matters which must await trial. Concur —Sandler, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.