Ernest R. Maler, Jr., Esq. Village Attorney, Patchogue
This is in response to your request for an Attorney General's opinion as to whether members of a village planning board or village zoning board of appeals may also be members of a community development agency serving the village.
The Village of Patchogue Community Development Agency was established pursuant to section 680-b of the General Municipal Law. Section 680-b gives the agency all the powers of development agencies enumerated under articles 15 and 15-A of the General Municipal Law, including power to plan and undertake urban renewal projects, acquire property, issue bonds, notes and mortgages and accept assistance from the Federal government or other sources (General Municipal Law, §§ 554-563). The members of the agency are appointed by the board of trustees of the Village of Patchogue (id., § 680-b). Your letter notes that two members of the agency also serve on the Village of Patchogue's zoning board of appeals. Your question is whether membership on the community development agency is compatible with membership on the village zoning board of appeals or the village planning board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Notwithstanding the general rules governing compatibility, article 15-A of the General Municipal Law, which governs urban renewal agencies such as the Village of Patchogue Community Development Agency, specifically addresses the compatibility of agency membership and other municipal offices:
 "Any one or more of the members of an agency may be an official or an employee of the municipality. In the event that an official or an employee of the municipality shall be appointed as a member of the agency, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way" (General Municipal Law, § 553 [4]).
This section clearly permits municipal officers to be appointed as members of the agency (Matter of Schenectady Urban Renewal Agency vBucci, 89 Misc.2d 763, 768 [Sup Ct, Schenectady Co, 1975], affd52 A.D.2d 663 [3d Dept, 1976], affd 41 N.Y.2d 1083 [1977]; 1970 Op Atty Gen [Inf] 93; 1965 Op Atty Gen [Inf] 59). We note that section 553 (4) applies to members of an agency; employees and officers of an agency do not enjoy the same exemption from the general rules governing compatibility of office (ibid.). Furthermore, notwithstanding the language of section 553, members of the governing body which appoints members to the agency are still bound by the rule of Wood v Town ofWhitehall (120 Misc. 124 [Sup Ct, Washington Co], affd 206 App. Div. 786
[3d Dept, 1923]), which disqualifies members of an appointing body from eligibility to serve in a position filled by that body (1971 Op Atty Gen [Inf] 136).
Section 553 (4) provides that "[i]n the event that an official or an employee of the municipality shall be appointed as a member of the agency" no incompatibility will result. A narrow reading of this language would indicate that the exemption from incompatibility applies only to persons who serve first as municipal officers and are then later made members of the agency; the exemption would not apply to persons who become members of the agency first and who later assume municipal office.
We do not choose to read the statute so narrowly. The first sentence of section 553 (4)* unqualifiedly permits agency members to also serve as municipal officials without any reference or limitations as to which position must be held first. Although the following sentence creates some uncertainty as to whether the municipal office must be held prior to the agency position, we do not think this ambiguity is sufficient to overcome the overall apparent intent of section 553: to permit municipal officers to serve as agency members.
We conclude that the members of a community development agency established pursuant to articles 15 and 15-A of the General Municipal Law may also serve on a village planning board or village zoning board of appeals.
* This sentence reads "[a]ny one or more of the members of an agency may be an official or an employee of the municipality".