OPINION OF THE COURT
Peter E. Corning, J.
The defendants in the above-captioned main action have all brought motions for summary judgment (CPLR 3212), seeking the dismissal of the plaintiffs complaint on the grounds that he is collaterally estopped from prosecuting his claims. The third-party defendant has moved for summary judgment seeking dismissal of the third-party plaintiffs complaint, also on the grounds of collateral estoppel.
FACTS
Plaintiff Thomas J. Lombardo is the father of Brian Lombardo, the third-party defendant. The complaint of Thomas J. Lombardo alleges causes of action under the "Dram Shop Act” (General Obligations Law §§ 11-100, 11-101) against the defendants, alleging that they knowingly sold, furnished or procured alcoholic beverages to or for Brian Lombardo on or about September 6, 1985, at which time said Brian Lombardo was 18 years old and was underage for the purposes of consumption of alcoholic beverages. It is alleged that Brian Lombardo sustained serious personal injuries by reason of operating an automobile while in an impaired or intoxicated condition. Plaintiff seeks compensation for the costs of personal and medical care for his son and for his loss of income and assets as a result of personally caring for him.
Prior to the commencement of the action by Thomas J. Lombardo in this court, Brian Lombardo commenced an arbitration proceeding against the no-fault insurance carrier, CNA Insurance Company, seeking no-fault benefits. The carrier had denied benefits due to its assertion of his intoxication. That finding was that although he was intoxicated while operating the vehicle, the accident was not the proximate result thereof. (In re Lombardo [CNA Ins. Co.], AAA Case No. 15 B86 07443 86, dated Oct. 25, 1987, Paul M. Hanrahan, Arbitrator.) This determination was affirmed by Master Arbitrator Richard B. Long on April 18, 1988. Ray D. Pinsky, Esq., the attorney that represented Brian Lombardo in the arbitration proceeding, represents the plaintiff herein.
*267 The essence of defendants’ argument is that since the plaintiff father was liable under New York law (Domestic Relations Law § 32; Family Ct Act § 413; Albany Med. Center Hosp. v Johnston, 102 AD2d 915 [3d Dept 1984]) for his son’s medical care and treatment, he was in "privity” with his son and is bound by the determination that intoxication was not the proximate cause of the accident. Additionally, defendants assert that as the father’s action is essentially derivative in nature he is likewise bound by the prior arbitration determination. In either case, defendants urge that plaintiff is collaterally estopped from proving intoxication herein and that his action under the Dram Shop Act must necessarily fail.
The third-party defendant’s motion for summary judgment dismissing the third-party plaintiffs complaint is also based on collateral estoppel arising out of a separate and related action entitled Bennett v Lombardo (index No. 88-7778), and an order therein dated November 10, 1988 by Acting Supreme Court Justice Robert A. Contiguglia, holding Bennett to be collaterally estopped from proving Lombardo’s intoxication. Reference is made to the pleading and other papers in that action for a more complete recitation of the factual and legal situation applying therein. It is alleged that subsequent to Judge Contiguglia’s decision, Bennett’s action was settled.
DISCUSSION
The doctrines of collateral estoppel and res judicata apply to arbitration proceedings and to the determinations of quasi-judicial administrative agencies. (People v Klein, 96 Misc 2d 692 [Sup Ct, Suffolk County 1978]; Bernstein v Birch Wathen School, 71 AD2d 129 [1st Dept 1979].) For collateral estoppel to apply herein there must be an identity of issue which has been decided in the prior proceeding and is decisive herein, and there must have been a full and fair opportunity to contest the earlier determination. (Bernstein v Birch Wathen School, supra, at 132.)
The issue decided in the arbitration proceeding was that intoxication was not the "proximate” cause of the accident. However, in a Dram Shop action proximate cause in the conventional sense is not required; it is enough if some reasonable or practical connection between the unlawful sale and the accident and injuries is established. (Bartkowiak v St. *268 Adalbert’s R. C. Church Socy., 40 AD2d 306 [4th Dept 1973], citing Daggett v Keshner, 284 App Div 733, 6 AD2d 503 [1st Dept 1958], affd 7 NY2d 981 [I960].) It does not appear there is an identity of issue involved in the no-fault arbitration and the instant case. Also, it is undisputed that the plaintiff herein was not a party to the arbitration proceeding. Further, it does not appear equitable that the father be bound by the insurance company’s failure to sustain its burden of proof in the previous arbitration proceeding.
It is asserted that since the father was legally responsible for his son’s medical costs, he had an interest in that proceeding such as to be in "privity” with him. The concept of "privity” has been described by the Court of Appeals in Gramatan Home Investors Corp. v Lopez (46 NY2d 481, 486 [1979]), as follows: "[P]rivity is an amorphous term not susceptible to ease of application (Watts v Swiss Bank Corp., 27 NY2d 270, 277). However, the term does denote a mutually successive relationship of the same rights to the same property (see Downey v Seib, supra; Bigelow v Old Dominion Copper Co., 225 US 111, 129), and permits utilization of collateral estoppel for the benefit of or against persons who were not parties to the previous action but who were connected with it to such an extent that they are treated as if they were parties. The crucial inquiry focuses upon the juncture at which the relationship between the party to the first action and the person claimed to be his or her privy is established.” I do not believe the father’s relationship to his son was such that he was in privity with him simply by reason of his potential obligation for medical expenses. For example, the father may not have been obligated for the son’s medical expenses by reáson of emancipation. (See, e.g., Albany Med. Center Hosp. v Johnston, supra.) Further, the father possesses a cause of action in his own right and not just a derivative action. (Reuter v Flobo Enters., 120 AD2d 722 [2d Dept 1986].)
Accordingly, I find the plaintiff is not collaterally estopped from proving his son’s intoxication in this case and the defendants’ motions must be denied and dismissed. The third-party plaintiff’s position is, however, different. As he previously litigated, lost and failed to appeal his action, that determination is final and binding on him and this court. For this reason, the third-party complaint for contribution and/or indemnity must be dismissed.
*269 DETERMINATION
The motions for summary judgment made by the defendants Walsh, Stevens and Bennett, dismissing the plaintiffs complaint, shall be denied and dismissed for the reasons mentioned hereinabove. The third-party complaint shall also be dismissed.