■ THOMAS J. LOMBARDO, Respondent, v THOMAS J. WALSH, JR., et al., Appellants, and MARK BENNETT, Appellant and Third-Party Plaintiff-Appellant. BRIAN LOMBARDO, Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff and with costs to third-party plaintiff Bennett on his cross appeal, in accordance with the following memorandum: Plaintiff Thomas Lombardo commenced this action to recover medical and personal expenses he has incurred for the care and treatment of his son, Brian, who was seriously injured in a one-car accident. Plaintiff alleges that defendants Walsh and Stevens furnished alcoholic beverages to his son and that defendant Bennett, a passenger in the car Brian was driving, assisted in procuring alcoholic beverages for his son, all in violation of sections 11-100 and 11-101 of the General Obligations Law.

Prior to commencement of this action, a claim was filed on behalf of Brian Lombardo for first-party benefits. The no-fault insurance carrier denied the claim upon the ground that Brian's intoxication contributed to the occurrence of the accident. Following a hearing, however, an arbitrator found that, although Brian was intoxicated while operating the motor vehicle, his intoxication was not a contributing factor in the accident.

Defendants in this Dram Shop action moved for summary judgment, contending that plaintiff should be collaterally estopped from relitigating the issue of intoxication as a cause of the accident. Defendants asserted that, although plaintiff was not a party to the arbitration proceeding, he was in privity with his son. Plaintiff, in addition to contending that he was not in privity, also claims that the issue of causation in the arbitration proceeding was different from the issue raised in the Dram Shop action. Supreme Court determined that the issues were not identical and that Thomas and Brian Lombardo were not in privity *(see, Lombardo v Walsh,* 144 Misc 2d 265). We agree.

Because of his disabling head injury, Brian could not sign the claim for first-party benefits; therefore, plaintiff signed the claim form and employed an attorney to represent his son in the arbitration proceedings. Although the same attorney represents plaintiff in this action, plaintiff had no interest in the claim for first-party benefits and did not exercise any control over the proceedings (cf., Watts v Swiss Bank Corp., 27 NY2d 270, 277-278). Moreover, Brian's position in the arbitration proceeding and his father's position in this action are completely opposite, thereby negating any claim that they were united in interest.

Bennett, the passenger, brought a third-party action against Brian Lombardo seeking contribution or indemnification for any liability imposed upon him in the main action, alleging that Brian was negligent in operating the vehicle in an intoxicated or impaired condition and was otherwise negligent. Brian moved for summary judgment dismissing that complaint, contending that Bennett was collaterally estopped from raising the issue of intoxication against him and thus the third-party complaint had no merit. In a separate but related action, Bennett sued Brian to recover damages for injuries sustained in the accident. In that action, Supreme Court collaterally estopped Bennett from pleading intoxication as a basis for Brian's liability. In the subject action, the court dismissed the third-party complaint in its entirety upon the ground that the court's determination in Bennett's action was entitled to collateral estoppel effect. On this appeal, Bennett contends that the court erred in dismissing that portion of the third-party complaint seeking contribution from Brian.

A party may seek contribution from an alleged joint tortfeasor for acts which contributed to the same injury but which are based upon a theory of liability different from that asserted against him (see, Doundoulakis v Town of Hempstead, 42 NY2d 440, 451; Ott v Barash, 109 AD2d 254, 260). Because Bennett sought contribution based upon Brian's negligent acts unrelated to his intoxication or impairment, the court erred in dismissing the third-party action in its entirety. The order in Bennett's separate action estopping him from pleading Brian's intoxication did not address Brian's alleged negligence and thus should not have been given estoppel effect on those allegations. Accordingly, we modify the order to deny Brian's summary judgment motion insofar as it sought to dismiss Bennett's claims of negligence and reinstate the third-party complaint to that extent. (Appeal from order of Supreme

Court, Cayuga County, Corning, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.