■ ANDREW RADCLIFFE, Respondent, v HOFSTRA UNIVERSITY, Appellant, et al., Defendants. [606 NYS2d 333] —In an action to recover damages for personal injuries, the defendant Hofstra University appeals from a judgment of the Supreme Court, Suffolk County (Luciano, J., at liability trial; Copertino, J., at damages trial), entered February 22, 1991, which, upon a jury verdict finding it 50% at fault in the happening of the accident, and finding that the plaintiff had suffered damages in the amount of $2,377,850, is in favor of the plaintiff and against it in the principal sum of $1,188,925.

Ordered that the judgment is reversed, on the law, and a new trial is granted as to liability and damages, with costs to abide by the event.

The plaintiff Andrew Radcliffe, a student at defendant Hofstra University (hereinafter Hofstra), was injured when he fell five stories to the ground. He fell through the sliding sash of a dormitory window which opened approximately 24 inches wide. The plaintiff allegedly fell when he placed one foot on a bed and one foot on the window sill in an apparent attempt to open the window.

There is no dispute with regard to the description of the window out of which the plaintiff fell. The window consists of three parts—a fixed center section, and two horizontally sliding panels that move on wheels in tracks. The window sill is approximately two feet from the floor. Measuring from the window sill, the window is over seven feet in height. The two sliding panels are of the same height as the center section. Each sliding sash, on the left and right side of the center pane, is approximately two feet wide and six feet high, and weighs approximately 100 pounds. Hofstra installed a wooden safety board in front of the window. The board attaches to the wall, and rises to a height of approximately four feet above the floor. The board extends across the front of the window, with the exception of a few inches on either end.

On this appeal, Hofstra raises several contentions why the judgment entered against it after trial should be set aside.

We find that reversible error occurred because the interrogatories submitted on the verdict sheet essentially took the question of negligence away from the jury. While the fact that there was no law mandating the installation of a window stop does not preclude a determination that the absence of a window stop created a dangerous condition amounting to negligence as a sufficient predicate for liability, that determination is one which should have been left to the trier of the fact (see, *Yahudah v Metro N. Riverview House,* 129 AD2d 429). At bar, the interrogatories submitted to the jury were such that once the jury found that a window stop was absent, Hofstra's negligence was established as a matter of law.

We find also that the trial court erred in permitting the plaintiff to recover for past medical expenses paid by his parents. The parents had an absolute duty to pay the medical expenses of the plaintiff since he was under the age of 21 years and was unemancipated (see, *Albany Med. Ctr. Hosp. v Johnston,* 102 AD2d 915; *Clough v Board of Educ.,* 56 AD2d 233). Although the parents could have brought an action to recover for the expenses so incurred, they did not do so (see, *Clough v Board of Educ., supra).* The plaintiff cannot directly

maintain an action on his own behalf to recover such expenses incurred by his parents *(see, Drinkwater v Dinsmore,* 80 NY 390; *cf., Silinsky v State-Wide Ins. Co.,* 30 AD2d 1).

Since we are granting a new trial, we have not considered Hofstra's remaining contentions. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.