■ MARY IMOGENE BASSETT HOSPITAL, Appellant, v ERIC J. DAHLBERG, Respondent. [645 NYS2d 578] —Spain, J. Appeal from

an order of the Supreme Court (Mugglin, J.), entered January 8, 1996 in Otsego County, which denied plaintiff's motion for summary judgment.

On May 14, 1993 Shaune Dahlberg, defendant's former spouse, brought the couple's nine-year-old son to plaintiff for treatment. The child was admitted with a broken femur suffered in an accident at school which required a six-week inpatient hospital stay. Plaintiff's billing department contacted the mother to review insurance coverage and learned that the school had insurance coverage of $2,500 which would pay only after all other coverage had been exhausted. Plaintiff's employee advised the mother to apply for Medicaid to address any balance remaining after insurance coverage. She applied for and was determined to be eligible for Medicaid benefits on behalf of the child, subject, however, to payment by all prior commercial or private insurance carriers. After his son's discharge defendant submitted a claim to his private insurance carrier and ultimately received insurance proceeds in the amount of $9,765. Plaintiff submitted a bill to defendant for medical services it provided to the child; the bill remains unpaid.

Plaintiff commenced this action seeking payment for the fair and reasonable value of the medical services provided the child from May 14, 1993 through June 25, 1993. Defendant answered and counterclaimed; defendant argued that he is not listed as a guarantor nor did he request the medical services and, further, that this action is based upon fraudulently doctored instruments. Plaintiff thereafter moved for summary judgment. Supreme Court, relying on an unpleaded defense that plaintiff relied solely on the credit of the mother, determined that an issue of fact exists regarding plaintiff's reliance, if any, on the credit of defendant in addition to the credit of the mother. Plaintiff appeals.

We reverse. In our view an absolute statutory obligation pursuant to Family Court Act § 413 attaches to a parent of a child under the age of 21 for the child's care, maintenance and education; the obligation also includes payment of reasonable medical expenses (*see, Albany Med. Ctr. Hosp. v Johnston*, 102 AD2d 915; *Clough v Board of Educ.*, 56 AD2d 233, 236; *see also,* Social Services Law § 101). It is undisputed that defendant is the father of an unemancipated nine-year-old child who received necessary medical assistance from plaintiff; his obligation to a provider such as plaintiff, on behalf of his child, is absolute. Plaintiff's alleged failure to rely on defendant's credit for payment of the child's medical expenses, a defense which

was not pleaded, does not abrogate the obligation imposed on defendant (see, *Albany Med. Ctr. Hosp. v Johnston, supra*). While the issue of credit reliance by a creditor providing necessaries may be relevant as between husband and wife (see, *Our Lady of Lourdes Mem. Hosp. v Frey*, 152 AD2d 73, 75), it should not be a legitimate defense in actions against parents by creditors who have provided necessary medical services to their unemancipated children. Furthermore, the fact that one parent signed as guarantor at the time the services were provided does not make the other parent any less obligated.

White, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and summary judgment awarded to plaintiff.