■ DAVINA KLATSKY et al., Respondents-Appellants, v JOHN J. LEWIS, JR., et al., Appellants-Respondents. [702 NYS2d 319] —In an action, *inter alia*, to recover damages for lack of informed consent, etc., the defendants John L. Lewis, Jr., John L. Lewis, Jr., M.D., P. C., Memorial Hospital for Cancer and Allied Diseases, and Laverne Gibson appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated January 27, 1998, which, after a jury trial, granted their motion pursuant to CPLR 4404 (a) to set aside the verdict in favor of the plaintiffs as to both liability and damages only to the extent of directing a new trial on the issue of the damages awarded to the plaintiff James Klatsky on his cause of action to recover damages for loss of consortium unless he stipulated to reduce those damages from the sum of $900,000 to the sum of $50,000, and the plaintiffs Davina Klatsky and James Klatsky cross-appeal from so much of the same order as granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for a new trial on damages awarded on the cause of action of the plaintiff James Klatsky to recover damages for loss of consortium unless he stipulated to reduce the damages awarded.

Ordered that the appeal of Laverne Gibson and the cross appeal of Davina Klatsky are dismissed, as those parties are not aggrieved by the order appealed from; and it is further,

Ordered that the cross appeal of James Klatsky is dismissed as academic in light of our determination on the appeal of the defendants John L. Lewis, Jr., John L. Lewis, Jr., M.D., P. C., and Memorial Hospital for Cancer and Allied Diseases; and it is further,

Ordered that the order is reversed, on the law, and a new trial is granted as to liability and damages, with costs to abide the event.

Since the trial court dismissed the causes of action asserted against the defendant Laverne Gibson after all the evidence was presented, she is not aggrieved by the order appealed from (*see,* CPLR 5511). Similarly, the plaintiff Davina Klatsky was not aggrieved by that portion of the order which directed a new trial on the issue of the damages awarded to the plaintiff James Klatsky on his cause of action based on loss of consortium unless he stipulated to reduce the award for those damages (*see,* CPLR 5511).

The trial court erred by refusing to give the charge requested by the defendants and by submitting interrogatories on the verdict sheet that did not properly present the appellants' defense to the jury (*cf., Radcliffe v Hofstra Univ.,* 200 AD2d

562). The appellants properly contend that the interrogatories and the court's charge should have been phrased in a manner that would have advised the jury that the defendant Dr. John L. Lewis, Jr., could rely upon information previously furnished to Klatsky by another physician in determining whether she had received sufficient information to allow her to make an informed decision (*cf., Perez v Park Madison Professional Labs.,* 212 AD2d 271, 277).

The trial court also erred in permitting the plaintiffs to retain and call a radiologist as an expert witness on the eve of trial. CPLR 3101 (d) (1) (i) provides, *inter alia,* "where a party for *good cause shown* retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from offering the expert's testimony at the trial solely upon grounds of noncompliance with this paragraph" (emphasis supplied). Here, the plaintiffs' proffered excuse does not rise to the level of "good cause shown" so as to avoid preclusion of the subject expert testimony under CPLR 3101 (d) (*see also, Kalkan v Nyack Hosp.,* 214 AD2d 538). In addition, the trial court erred in permitting the plaintiffs to introduce medical records seeking to prove that Davina Klatsky's osteopenia was proximately caused by her surgery without a proper foundation and expert testimony.

Accordingly, a new trial is required as to both liability and damages. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.