OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
This action for services rendered and account stated was brought by plaintiff hospital in June of 2001 to recover the balance due for medical services rendered to defendant Eileen Abrandt in June of 1997. Defendants conceded that Ms. Abrandt was treated by plaintiff hospital on the dates in question, but they argued that the charges sought did not represent the fair market value of the services rendered. In opposition to plaintiffs motion for summary judgment, defendants specifically contended that, as an uninsured patient, Ms. Abrandt was not charged the “fair and reasonable” value of the services rendered, inasmuch as the hospital charged different fees for the same services depending upon whether a patient was covered by medical insurance or by government programs such as Medicare and Medicaid. Plaintiff stated that all patients were billed at the same rate, but admitted that lesser amounts were accepted as payment in full because of negotiated contracts with third parties and governmental regulations limiting payment.
*3 In general, an agreement to pay for medical services may be implied, whether characterized as a contract implied-in-fact or a contract implied-in-law (see Shapira v United Med. Serv., 15 NY2d 200 [1965]; Crouse Irving Hosp. v City of Syracuse, 283 App Div 394 [1954], affd 308 NY 844 [1955]). The performance and acceptance of services can give rise to an inference of an implied contract to pay for the reasonable value of such services (22A NY Jur 2d, Contracts § 591).
In Flushing Hosp. & Med. Ctr. v Woytisek (41 NY2d 1081, 1082-1083 [1977]), the estate of a Blue Cross subscriber sought to be billed by the plaintiff hospital at the same rate as Blue Cross, which had contracted with the hospital for a lower rate. The Court of Appeals stated that “[flor whatever may be the reasons — volume of payments, promptness in paying, assurance of payment or otherwise — Blue Cross is entitled to what amounts to a very substantial discount with respect to its 50% of the regular charges. The subscriber, however, is not entitled to derive any economic benefit from this independent arrangement between the hospital and Blue Cross” (at 1082-1083).
The fact that lesser amounts for the same services may be accepted from commercial insurers or government programs as payment in full does not indicate that the amounts charged to defendant were not reasonable (see Albany Med. Ctr. Hosp. v Huberty, 76 AD2d 949 [1980]).
Plaintiff has established a prima facie case for relief and the absence of material facts. Defendants failed to meet their burden of providing evidentiary proof to raise a triable issue of fact. Neither the conclusory affirmation of defense counsel nor the affidavit of defendants’ “expert,” which suggested that a comparison of various contractual cost structures be made in order to determine the “fair and reasonable” charge for uninsured patients, are sufficient to raise a triable issue of fact. Accordingly, the court below did not err in granting plaintiffs motion for summary judgment.
McCabe, PJ., Lifson and Skelos, JJ., concur.