■ Mount Vernon Hospital, Respondent, v Rosalia Nasibu, Appellant. [888 NYS2d 426]—In an action to recover payment for medical services rendered to the defendant's child, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Liebowitz, J.), entered December 2, 2008, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court dated December 5, 2008, which, upon the order, is in favor of the plaintiff and against her in the total sum of $20,876.24. The notice of appeal from the order entered December 2, 2008, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parent of an unemancipated child under the age of 21 has an absolute duty to pay the reasonable expenses of medical care required by the child (*see Mary Imogene Bassett Hosp. v Dahlberg,* 229 AD2d 781, 782 [1996]; *Radcliffe v Hofstra Univ.,* 200 AD2d 562, 563 [1994]; *Albany Med. Ctr. Hosp. v Johnston,* 102 AD2d 915, 916 [1984]; *Clough v Board of Educ. of Spencerport Cent. School Dist.,* 56 AD2d 233, 236 [1977]). Here, the plaintiff satisfied its initial burden of establishing its prima facie entitlement to judgment as a matter of law by demonstrating that it provided medical services to the defendant's unemancipated son. In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

The defendant's remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.