Fraser v Reclaim Hous. Dev. Fund Corp. (2020 NY Slip Op 05135)





Fraser v Reclaim Hous. Dev. Fund Corp.


2020 NY Slip Op 05135


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 25439/2017E Appeal No. 11887 Case No. 2020-01443 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]Eugene Fraser, Plaintiff-Respondent,
v
Reclaim Housing Development Fund Corporation, et al., Defendants-Appellants.


Hannum Feretic Prendergast & Merlino, LLC, New York (James M. Merlino of counsel), for appellants.
Heitz Legal, P.C., New York (Dana E. Heitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 16, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
The record demonstrates that defendants may not be held liable for the injuries sustained by plaintiff when, upon tripping over speaker wires, he fell out of his bedroom window and onto the sidewalk below. Defendants met their burden for summary judgment by submitting evidence that the window, neither by its configuration or condition, presented a hazard in and of itself, and that defendants had no statutory or common-law duty to install window guards or stops for the benefit of adult plaintiff (see Milano v 340 E. 74th St. Owners Corp., 158 AD3d 479 [1st Dept 2018]; compare Yahudah v Metro N. Riverview House, 129 AD2d 429 [1st Dept 1987] [finding issue of fact whether lack of stops in horizontally opening sliding sash window created dangerous condition, where expert opined lack of stops permitted this type of window to be opened easily and accidentally to full width and was a departure from standard building maintenance practice]).
Plaintiff's expert's affidavit was insufficient to defeat the motion for summary judgment as it was not based on any rules, regulations, codes, standards or on the factual record (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]); Park v Kovachevich, 116 AD3d 182 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020